

**NUMBER 13-17-00037-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI − EDINBURG**

---

**ROSS ALLEN HARTWELL,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

**On appeal from the 390th District Court
of Travis County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion by Justice Longoria**

This is an appeal from a new punishment hearing ordered by this Court in the appellant's prior appeal of this case. *See Hartwell v. State*, 476 S.W.3d 523 (Tex. App.—Corpus Christi 2015, pet. ref'd). In the underlying trial, a jury found Hartwell guilty of aggravated robbery with an affirmative deadly weapon finding. *See* TEX. PENAL CODE ANN. § 29.03 (West, Westlaw through 1st 2017 C.S.). The jury found two enhancement

paragraphs to be true and assessed a punishment of seventy years' imprisonment. Hartwell raised ten issues on appeal and this Court affirmed the guilt-innocence phase issues, but reversed for a new punishment hearing. *Hartwell*, 476 S.W.3d at 541. Following the new punishment hearing, the trial court imposed a sixty-year sentence.[1] Hartwell's court-appointed counsel has filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967). Hartwell filed a pro se response in which he raises two issues on appeal. We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders*, Hartwell's court-appointed appellate counsel has filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Hartwell's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Counsel has informed this Court, in

---

[1] Pursuant to a docket-equalization order issued by the Supreme Court of Texas, this case was transferred to this Court from the Third Court of Appeals in Austin. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2017 1st C.S.).

writing, that counsel has: (1) notified the appellant that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided appellant with a copy of the *Anders* brief; (3) informed the appellant of his rights to file a pro se response[2] and review the record preparatory to filing that response; and (4) provided the appellant with a form motion for pro se access to the appellate record with instructions to file the motion in this Court. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. Hartwell has filed a pro se brief and a reply to the State's brief.

Hartwell's pro se brief and reply brief assert two issues for our review: (1) he did not receive a fair trial by a fair and impartial jury, and (2) the trial court erred in allowing a collaterally estopped issue to be relitigated over a defense objection.

## II. INDEPENDENT REVIEW

Upon receiving an Anders brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). If a later pro se brief is filed after an *Anders* brief has been submitted on behalf of the appellant, the Court of Criminal Appeals has in *Bledsoe* stated an appellate court has two choices. *Bledsoe v. State*, 178 S.W.3d 824, 826 (Tex. Crim. App. 2005). We may determine the appeal is wholly frivolous and issue an opinion after reviewing the record and finding no reversible error. *Id.* at 826–827. Alternatively, if we determine that arguable grounds for appeal exist, we must remand for the appointment of new counsel to brief those issues. *Id.* at 827.

---

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008).

We have conducted an independent review of the record, including appellate counsel's brief, Hartwell's written responses, and the State's brief, and find no reversible error. *See Anders*, 386 U.S. at 744; *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *Bledsoe*, 178 S.W.3d at, 826–27. We agree with counsel that the record presents no arguably meritorious grounds for review and the appeal is frivolous. The points of error raised in Hartwell's pro se briefs have no arguable merit. *See Garner*, 300 S.W.3d at 766; *Bledsoe*, 178 S.W.3d at 827.

### III.  MOTION TO WITHDRAW

In accordance with *Anders*, Hartwell's attorney has asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Hartwell and to advise him of his right to file a petition for discretionary review.[3] See TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

### IV.  CORRECTION OF JUDGMENT

---

[3] No substitute counsel will be appointed. If Hartwell seeks further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.

4

Hartwell's counsel and the State agree that there is a clerical error in the judgment. The judgment incorrectly states that Hartwell pleaded "true" at the punishment hearing to the second enhancement paragraph, which he did not. Hartwell pleaded "not true" to the enhancement paragraph and the judgment should be modified to reflect his plea. This Court has authority to modify incorrect judgments when the necessary information is available to do so. *See* TEX. R. APP. P. 43.2 (b) (authorizing court of appeals to modify trial court's judgment and affirm it as modified); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993) (concluding that Texas Rules of Appellate Procedure empower courts of appeals to reform judgments). Accordingly, we modify the judgment to reflect that the Hartwell pleaded "not true" to the second enhancement paragraph.

## V. CONCLUSION

Counsel's motion to withdraw is granted. We affirm the trial court's judgment as modified. Any pending motions are denied as moot.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
31st day of May, 2018.

5